# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2019

No. 19-30125
Summary Calendar

Lyle W. Cayce
Clerk

DERRICK DEWAYNE DAVIS,

Plaintiff-Appellant

v.

RAYMOND LABORDE CORRECTIONAL CENTER; SANDRA SIBLEY; DR.
MCVEA; W. S. SANDY MCCAIN; JAMES LONGINO,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-1271

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Derrick Dewayne Davis, Louisiana prisoner # 126965, appeals the district court's denial and dismissal of his 42 U.S.C. § 1983 complaint against prison officials pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. He also moves for the appointment of counsel; that motion is denied.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30125

Davis asserts that he has degenerative disc disease that prison officials have treated with pain medication. He argues that his condition is worsening and that the proper and preferred method for treating his condition is to provide him with corrective spinal surgery. He argues that prison officials have shown deliberate indifference to his serious medical need by refusing to provide him with corrective surgery. Davis's disagreement with the treatment being provided to him is insufficient to establish a claim of deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

In this court, Davis argues that while in prison, he suffered a stroke that went untreated, that the Americans with Disabilities Act applies to his back condition, and that prison officials have retaliated against him for filing this lawsuit by discontinuing his pain medication. Because each of these arguments is made for the first time on appeal, we do not consider them. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Finding no error in the district court's denial and dismissal of Davis's complaint, we affirm. Our affirmance of the district court's dismissal means that Davis has acquired one strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Davis is cautioned that, once he accumulates three strikes, he may no longer proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.